# EXHIBIT 1

# 2021-72045

**COURT:**   281st

**FILED DATE:**   11/2/2021

**CASE TYPE:**   Discrimination



---

**MIMS, LAJAMIEKA JAMIE**

Attorney: KENNARD, ALFONSO

**vs.**

**AMAZON.COM SERVICES LLC**

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

11/2/2021 9:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58750128
By: Monica Jackson
Filed: 11/2/2021 9:31 AM

## 2021-72045 / Court: 281

CAUSE NO. _____

| | | |
|---|---|---|
| LAJAMIEKA MIMS | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| AMAZON.COM SERVICES LLC | § | |
| *Defendant* | § | HARRIS COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff LaJamieka "Jamie" Mims ("Plaintiff" or "Ms. Mims") in the above-referenced matter, complaining of and about Defendant Amazon.com Services LLC (hereinafter referred to as "Amazon" or "Defendant"), and for cause of action will show unto the Court as follows:

### I.
### PARTIES AND SERVICE

1.      Plaintiff Jamie Mims is an individual residing in Harris County, Texas.

2.      Defendant is a foreign limited liability company organized and existing under the laws of the State of Delaware.  It is authorized to conduct business in the State of Texas.  Defendant may be served by and through its Registered Agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

### II.
### JURISDICTION AND VENUE

3.      The Court has jurisdiction in the civil action because the relief sought and because the amount in controversy exceeds the minimum jurisdictional requirements of this Court.  The Court has jurisdiction over the Defendant because it regularly and continuously conducts business

Certified Document Number: 98735318 - Page 1 of 6

1

in the State of Texas. Moreover, venue is proper in Harris County, Texas, pursuant to the Texas

Civil Practice and Remedies Code §15.002, as that is the county where most of the events occurred.

### III.
### CLAIM FOR RELIEF

4.      Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 as set

forth at Rule 47(c)(4) of the Texas Rules of Civil Procedure. Damages are in excess of the minimum

jurisdictional limits of this court.

### IV.
### CONDITIONS PRECEDENT

5.      All conditions precedent to jurisdiction have occurred with regard to exhaustion of

administrative remedies.

### V.
### FACTS

6.      Ms. Mims was hired on October 15, 2019, as a shopper for Amazon, she had always

procured to do an exemplary job. Ms. Mims suffers from Multiple Sclerosis as such she made

Amazon aware of her diagnosis on several occasions in writing and verbally. Ms. Mims provided

ample documentation from her physician as well as proof of her disability. As a result, she received

accommodations to prepare bags for the shoppers.

7.      On or about May 3, 2020, while Ms. Mims was working at the Sugar Land location

a manager Lee (last name unknown) approached Ms. Mims. That day she was wearing a long dress

that would enable her mobility due to her condition, it was a dress Ms. Mims had worn before, and

her bra strap was showing without her knowing as the dress had thin straps. Lee approached her

and asked if she had a jacket to put on since her bra strap was showing. Ms. Mims did not have

one, but she did notice there was one laying around. She asked Lee for permission to ask who the

jacket belonged to, and he refused the request. He immediately dismissed Ms. Mims from her post

Certified Document Number: 98735318 - Page 2 of 6

and told her to go home. As such, Ms. Mims had to wait for her ride, so she sat in a chair directly in front of Lee's office. On this same day, Plaintiff's communicated with Human Resources by phone and email, to request a reasonable accommodation, complain of discrimination because of her disability, and expressed concerns of retaliation for engaging in a protected activity.

8.      On May 5, 2020, Sandra Lutkas (hereinafter "Ms. Lutkas") Ms. Mim's manager approached Plaintiff and stated that she was putting Ms. Mims on a final warning. Ms. Lutkas stated that the final warning was regarding the dress code incident with Mr. Lee and the warning was to last six (6) months. Plaintiff believes that Defendant's action was based on my protected class and retaliatory in nature.

9.      On about May 27, 2020 Ms. Mims, suffered a relapse from her MS, she had to take time off from work. She again requests a reasonable accommodation from Defendant due to her worsening condition. In June of 2020, Ms. Mims suffered a full relapse of her condition and was placed on medical leave by Defendant. She was cleared by her doctor to return to work on or about September of 2020. Shortly after September of 2020, Ms. Mims called Amazon and informed them she had been officially cleared by her doctor and was ready to go back to work. However, Amazon would never respond as to when Ms. Mims could return to work and she in turn went to work on her own accord in January 2021.

10.     On another occasion Ms. Mims was working at the West Chase Location. She proceeded to sit down because she was in pain and the newer manager approached Ms. Mims and asked if Ms. Mims was on break. Ms. Mims stated she was not she sat down due to her condition and approved time from Amazon to sit down as a result. She asked the manager why he did not ask her name first if he had then he would know that she had approved accommodations. The manager took Ms. Mims badge and went to check the system and never came back.

3

11.     Ms. Mims returned to work a month after her MS relapse but was told by Defendant that she needed proper medical documentation. Upon Defendant's request, she completed the necessary paperwork.

12.     On October 12, 2020, however, Defendant denied her request for reasonable accommodation and requested further information and Ms. Mims immediately provided. On or about November 13, 2020, Ms. Mims requested an update on her accommodations request, but she received no response.

13.     On or about December 1, 2020, Ms. Mims filed a charge of discrimination alleging on-going denial of reasonable accommodation, retaliation, and discrimination because of her disability with the EEOC.

14.     On March 1, 2021, Ms. Mims received a call from Kimberly McDonald (hereinafter "Ms. McDonald") who identified herself as working with or within the human resources department and she informed Ms. Mims she was fired and not eligible for rehire. She said that Ms. Mims termination was regarding her date of employment on February 14th, which she showed up to work and worked her shift but was not able to do the shopping because of her lack of mobility that day caused by her disability (Multiple Sclerosis). Human Resources said that they had no knowledge of her disability although her accommodation was previously approved by the disability department. It seems the two departments were not communicating with one another. Human Resources had no idea why she was not doing the shopping that day although she explained she was unable to because of her lack of mobility but she still reported to work and did other tasks within their work area.

15.     Defendant discriminated against Ms. Mims based on her disability and retaliated against her for engaging in protected activity in violation of Chapter 21 of the Texas Labor Code

Certified Document Number: 98735318 - Page 4 of 6

and the Texas Commission on Human Rights Act, as amended.

## VII.
## DAMAGES

17.     As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and broken career trajectory.

## VIII.
## JURY DEMAND

18.     Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Harris County, Texas the jury fee of forty ($40.00) dollars.

## IX.
## ATTORNEY'S FEES

20.     Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of KENNARD LAW, P.C. in initiating this proceeding. Pursuant to Chapter 21 of the Texas Labor Code and the Texas Civil Practice & Remedies Code §38.001(8), Plaintiff is entitled to recover its reasonable and necessary attorney's fees and costs incurred in this lawsuit.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant to be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

Certified Document Number: 98735318 - Page 5 of 6

a.     Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b.     Judgment against Defendant, for backpay lost by Plaintiff as alleged herein;

c.     Order Plaintiff reinstated to Plaintiff's rightful place in Defendant's workforce and award Plaintiff the proper fringe benefits and seniority;

d.     Judgment against Defendant, for front pay by Plaintiff as alleged herein;

e.     Grant Plaintiff general damages for the damage to Plaintiff's reputation;

f.     Pre- and post-judgment at the highest legal interest rate;

g.     Punitive damages;

h.     Compensatory damages for mental pain and mental anguish;

i.     All costs of court expended herein; and

j.     Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,

kennard law P.C.

_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Attorney-In-Charge
Email: Alfonso.Kennard@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
M: 713.742.0900
F: 832.558.9412

**ATTORNEY FOR PLAINTIFF**
**LAJAMEIKA MIMS**

Certified Document Number: 98735318 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>February 9, 2022</u>


Certified Document Number:        <u>98735318 Total Pages:  6</u>


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/2/2021 9:31:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 58750128
By: JACKSON, MONICA J
Filed: 11/2/2021 9:31:35 AM

**Marilyn Burgess**

2021-72045 / Court: 281

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served:   PLAINTIFF'S ORIGINAL PETITION

**FILE DATE:** ___November 1, 2021___ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** _____ AMAZON.COM SERVICES LLC _____

Address of Service: _____ 211 E 7th Street, Suite 620 _____

City, State & Zip: _____ Austin, Texas 78701-3218 _____

Agent (if applicable) _____ CSC – Lawyers Incorporating Service Company _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

[X] Citation   [ ] Citation by Posting   [ ] Citation by Publication   [ ] Citations Rule 106 Service

[ ] Citation Scire Facias   Newspaper_____

[ ] Temporary Restraining Order   [ ] Precept   [ ] Notice

[ ] Protective Order

[ ] Secretary of State Citation ($12.00)   [ ] Capias (not by E-Issuance)   [ ] Attachment (not by E-Issuance)

[ ] Certiorari   [ ] Highway Commission ($12.00)

[ ] Commissioner of Insurance ($12.00)   [ ] Hague Convention ($16.00)   [ ] Garnishment

[ ] Habeas Corpus (not by E-Issuance)   [ ] Injunction   [ ] Sequestration

[ ] Subpoena

[ ] Other (Please Describe) _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP** (phone) _____   [X] **E-Issuance by District Clerk**
[ ] **MAIL to attorney at:** _____   **(No Service Copy Fees Charged)**
[ ] **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
[ ] **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
   Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[X] **OTHER,** *explain*  Please e-mail Citation to kristina.blanco@kennardlaw.com

**Issuance of Service Requested By:** Attorney/Party Name: _Alfonso Kennard_   Bar # or ID _____

Mailing Address: _5120 Woodway Dr., Suite 10010, Houston, Texas 77056_

Phone Number: _(713) 742-0900_

Certified Document Number: 98735319 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 9, 2022


Certified Document Number:        98735319 Total Pages:  1


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/11/2022 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60721427
By: Bonnie Lugo
Filed: 1/11/2022 3:45 PM



January 11, 2022

**ALFONSO KENNARD, JR.**
MANAGING SHAREHOLDER
DIRECT: 713.742.0906
ALFONSO.KENNARD@KENNARDLAW.COM

*Via E-mail: NAnand@littler.com*
Nehal Anand
Littler
1301 McKinney Street, Suite 1900
Houston, Texas 77010-3031






  **RE:**   **Cause No. 2021-72045; LaJamieka Mims v. Amazon.Com Services LLC; In the 281st Judicial District Court of Harris County, Texas.**

Dear Ms. Anand:

  Enclosed please find the Plaintiff's Original Petition. We understand that you will accept service on behalf of your client Amazon pursuant to Rule 119 of the Texas Rules of Civil Procedure. As you know, acceptance pursuant to Rule 119 has the same force and effect as if citations had been issued and served as provided by law.

  Please sign to confirm that you are authorized by Amazon to accept service, and that you have accepted the petition on your client's behalf, so that I may file this letter among the papers of the cause pursuant to Rules 11 and 119. Service shall be deemed perfected as of the date of delivery.

    Very truly yours,



    _____
    Alfonso Kennard, Jr.

**AGREED:**

_____
Nehal Anand

Certified Document Number: 99803075 - Page 1 of 2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Britney Russo on behalf of Alfonso Kennard
Bar No. 24036888
britney.russo@kennardlaw.com
Envelope ID: 60721427
Status as of 1/11/2022 4:35 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alfonso Kennard | | filings@kennardlaw.com | 1/11/2022 3:45:30 PM | SENT |
| Kristina Blanco | | kristina.blanco@kennardlaw.com | 1/11/2022 3:45:30 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 9, 2022

Certified Document Number:        99803075 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/1/2022 12:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61343162
By: Jennifer Ochoa
Filed: 2/1/2022 12:07 PM



February 1, 2022

**ALFONSO KENNARD, JR.**
MANAGING SHAREHOLDER
DIRECT: 713.742.0906
ALFONSO.KENNARD@KENNARDLAW.COM

*Via E-mail: NAnand@littler.com*
Nehal Anand
Littler
1301 McKinney Street, Suite 1900
Houston, Texas 77010-3031


  

> **RE:   Cause No. 2021-72045; LaJamieka Mims v. Amazon.Com Services LLC; In the 281st Judicial District Court of Harris County, Texas.**

Dear Ms. Anand:

Enclosed please find the Plaintiff's Original Petition.  We understand that you will accept service on behalf of your client Prime Now LLC pursuant to Rule 119 of the Texas Rules of Civil Procedure.  As you know, acceptance pursuant to Rule 119 has the same force and effect as if citations had been issued and served as provided by law.

Please sign to confirm that you are authorized by Prime Now LLC to accept service, and that you have accepted the petition on your client's behalf, so that I may file this letter among the papers of the cause pursuant to Rules 11 and 119.  Service shall be deemed perfected as of the date of delivery.

Very truly yours,



_____
Alfonso Kennard, Jr.

**AGREED:**

_____
Nehal Anand

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kristina Blanco on behalf of Alfonso Kennard
Bar No. 24036888
kristina.blanco@kennardlaw.com
Envelope ID: 61343162
Status as of 2/1/2022 12:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alfonso Kennard | | filings@kennardlaw.com | 2/1/2022 12:07:17 PM | SENT |
| Kristina Blanco | | kristina.blanco@kennardlaw.com | 2/1/2022 12:07:17 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 9, 2022

Certified Document Number:        100152454 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/28/2022 6:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61275801
By: Bonnie Lugo
Filed: 1/28/2022 6:00 PM

CAUSE NO. <u>2021-72045</u>

| | | |
|---|---|---|
| LAJAMIEKA MIMS | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | 281st JUDICIAL DISTRICT |
| | § | |
| AMAZON.COM SERVICES LLC[1] | § | |
| *Defendant* | § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Plaintiff LaJamieka "Jamie" Mims ("Plaintiff" or "Ms. Mims") in the above-referenced matter, complaining of and about Defendant Prime Now LLC (hereinafter referred to as "Amazon" or "Defendant"), and for cause of action will show unto the Court as follows:

**I.**
**PARTIES AND SERVICE**

1.      Plaintiff Jamie Mims is an individual residing in Harris County, Texas.

2.      Defendant Prime Now LLC is a foreign limited liability company organized and existing under the laws of the State of Washington.  It is authorized to conduct business in the State of Texas.  Defendant may be served by and through its registered agent Corporation Service Company dba SCS – Lawyers Incorporating Service Company at 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

3.      Defendant's attorney of record at Littler Mendelson P.C. 1301 McKinney Street, Suite 1900, Houston, TX 77010-3031 has agreed to accept service. *See Exhibit A*.

---

[1] Defendant's counsel has indicated Plaintiff's employer was Prime Now LLC as indicated in Exhibit A.

**II.**
## JURISDICTION AND VENUE

4.      The Court has jurisdiction in the civil action because the relief sought and because the amount in controversy exceeds the minimum jurisdictional requirements of this Court.  The Court has jurisdiction over the Defendant because it regularly and continuously conducts business in the State of Texas. Moreover, venue is proper in Harris County, Texas, pursuant to the Texas Civil Practice and Remedies Code §15.002, as that is the county where most of the events occurred.

**III.**
## CLAIM FOR RELIEF

5.      Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 as set forth at Rule 47(c)(4) of the Texas Rules of Civil Procedure. Damages are in excess of the minimum jurisdictional limits of this court.

**IV.**
## CONDITIONS PRECEDENT

6.      All conditions precedent to jurisdiction have occurred with regard to exhaustion of administrative remedies.

**V.**
## FACTS

7.      Ms. Mims was hired on October 15, 2019, as a shopper for Amazon, she had always procured to do an exemplary job. Ms. Mims suffers from Multiple Sclerosis as such she made Amazon aware of her diagnosis on several occasions in writing and verbally. Ms. Mims provided ample documentation from her physician as well as proof of her disability. As a result, she received accommodations to prepare bags for the shoppers.

8.      On or about May 3, 2020, while Ms. Mims was working at the Sugar Land location a manager Lee (last name unknown) approached Ms. Mims. That day she was wearing a long dress

that would enable her mobility due to her condition, it was a dress Ms. Mims had worn before, and her bra strap was showing without her knowing as the dress had thin straps. Lee approached her and asked if she had a jacket to put on since her bra strap was showing. Ms. Mims did not have one, but she did notice there was one laying around. She asked Lee for permission to ask who the jacket belonged to, and he refused the request. He immediately dismissed Ms. Mims from her post and told her to go home. As such, Ms. Mims had to wait for her ride, so she sat in a chair directly in front of Lee's office. On this same day, Plaintiff's communicated with Human Resources by phone and email, to request a reasonable accommodation, complain of discrimination because of her disability, and expressed concerns of retaliation for engaging in a protected activity.

9.      On May 5, 2020, Sandra Lutkas (hereinafter "Ms. Lutkas") Ms. Mim's manager approached Plaintiff and stated that she was putting Ms. Mims on a final warning. Ms. Lutkas stated that the final warning was regarding the dress code incident with Mr. Lee and the warning was to last six (6) months. Plaintiff believes that Defendant's action was based on my protected class and retaliatory in nature.

10.      On about May 27, 2020, Ms. Mims, suffered a relapse from her MS, she had to take time off from work. She again requests a reasonable accommodation from Defendant due to her worsening condition. In June of 2020, Ms. Mims suffered a full relapse of her condition and was placed on medical leave by Defendant. She was cleared by her doctor to return to work on or about September of 2020. Shortly after September of 2020, Ms. Mims called Amazon and informed them she had been officially cleared by her doctor and was ready to go back to work. However, Amazon would never respond as to when Ms. Mims could return to work and she in turn went to work on her own accord in January 2021.

11.     On another occasion Ms. Mims was working at the West Chase Location. She proceeded to sit down because she was in pain and the newer manager approached Ms. Mims and asked if Ms. Mims was on break. Ms. Mims stated she was not she sat down due to her condition and approved time from Amazon to sit down as a result. She asked the manager why he did not ask her name first if he had then he would know that she had approved accommodations. The manager took Ms. Mims badge and went to check the system and never came back.

12.     Ms. Mims returned to work a month after her MS relapse but was told by Defendant that she needed proper medical documentation. Upon Defendant's request, she completed the necessary paperwork.

13.     On October 12, 2020, however, Defendant denied her request for reasonable accommodation and requested further information and Ms. Mims immediately provided. On or about November 13, 2020, Ms. Mims requested an update on her accommodations request, but she received no response.

14.     On or about December 1, 2020, Ms. Mims filed a charge of discrimination alleging on-going denial of reasonable accommodation, retaliation, and discrimination because of her disability with the EEOC.

15.     On March 1, 2021, Ms. Mims received a call from Kimberly McDonald (hereinafter "Ms. McDonald") who identified herself as working with or within the human resources department and she informed Ms. Mims she was fired and not eligible for rehire. She said that Ms. Mims termination was regarding her date of employment on February 14th, which she showed up to work and worked her shift but was not able to do the shopping because of her lack of mobility that day caused by her disability (Multiple Sclerosis). Human Resources said that they had no knowledge of her disability although her accommodation was previously approved by the

disability department. It seems the two departments were not communicating with one another. Human Resources had no idea why she was not doing the shopping that day although she explained she was unable to because of her lack of mobility but she still reported to work and did other tasks within their work area.

16.     Defendant discriminated against Ms. Mims based on her disability and retaliated against her for engaging in protected activity in violation of Chapter 21 of the Texas Labor Code and the Texas Commission on Human Rights Act, as amended.

17.     Plaintiff was notified of true party in interest via email from Defendant attached as *Exhibit A*.

## VII.
## DAMAGES

18.     As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and broken career trajectory.

## VIII.
## JURY DEMAND

19.     Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Harris County, Texas the jury fee of forty ($40.00) dollars.

## IX.
## ATTORNEY'S FEES

20.     Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of KENNARD LAW, P.C. in initiating this proceeding. Pursuant to Chapter 21 of the Texas Labor Code and the Texas Civil

Practice & Remedies Code §38.001(8), Plaintiff is entitled to recover its reasonable and necessary attorney's fees and costs incurred in this lawsuit.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant to be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b. Judgment against Defendant, for backpay lost by Plaintiff as alleged herein;

c. Order Plaintiff reinstated to Plaintiff's rightful place in Defendant's workforce and award Plaintiff the proper fringe benefits and seniority;

d. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

e. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

f. Pre- and post-judgment at the highest legal interest rate;

g. Punitive damages;

h. Compensatory damages for mental pain and mental anguish;

i. All costs of court expended herein; and

j. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Certified Document Number: 100117144 - Page 6 of 8

Respectfully Submitted,



Alfonso Kennard, Jr.
Texas Bar No. 24036888
Attorney-In-Charge
Email: Alfonso.Kennard@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
M: 713.742.0900
F: 832.558.9412

**ATTORNEY FOR PLAINTIFF
LAJAMEIKA MIMS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kristina Blanco on behalf of Alfonso Kennard
Bar No. 24036888
kristina.blanco@kennardlaw.com
Envelope ID: 61275801
Status as of 1/31/2022 8:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alfonso Kennard | | filings@kennardlaw.com | 1/28/2022 6:00:00 PM | SENT |
| Kristina Blanco | | kristina.blanco@kennardlaw.com | 1/28/2022 6:00:00 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 9, 2022

Certified Document Number:        100117144 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Certified Document Number: 100117145 - Page 1 of 4

# EXHIBIT A

| | |
|---|---|
| **From:** | Anand, Nehal S. |
| **To:** | Cristabel Jimenez |
| **Cc:** | Kristina Blanco |
| **Subject:** | RE: Cause No. 2021-72045; LaJamieka Mims v. Amazon.com Services LLC; In the 281st Judicial District Court of Harris County, Texas. |
| **Date:** | Tuesday, January 25, 2022 10:54:01 AM |
| **Attachments:** | image001.png |
| | image003.png |
| | image005.png |
| | image006.png |

Cristabel,

Although Amazon.com Services LLC was named as the defendant, the proper employer for Mims is actually Prime Now LLC.  Can you file and serve an amended petition with the correct defendant this week? We can accept service again.

Thanks,

Nehal

**Nehal Anand**
Shareholder
713.652.4775 direct, 832.350.3342 mobile, 713.583.2316 fax
NAnand@littler.com



Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

**From:** Kristina Blanco <kristina.blanco@kennardlaw.com>
**Sent:** Tuesday, January 11, 2022 9:41 AM
**To:** Anand, Nehal S. <NAnand@littler.com>
**Cc:** Ellen Sprovach <ellen.sprovach@kennardlaw.com>; Cristabel Jimenez <cristabel.jimenez@kennardlaw.com>; Matthew Miller <Matthew.Miller@kennardlaw.com>
**Subject:** Cause No. 2021-72045; LaJamieka Mims v. Amazon.com Services LLC; In the 281st Judicial District Court of Harris County, Texas.

**[EXTERNAL E-MAIL]**

Good Morning Ms. Anand,

Please find the attached documents in connection with the above enumerated and referenced matter.

1. Rule 11 and 119 letter; and

2. Plaintiff's Original Petition.

Should you have nay further questions, please feel free to contact our office.



## Kristina Blanco
Senior Case Manager

**kennard** ATTORNEYS AT LAW

**Kennard Law, P.C.**
5120 Woodway Dr. Suite 10010 Houston, TX 77056
**Direct** 713-322-4730
**Office** 713-742-0900
**Fax** 832-558-9412
**Toll Free** 855.KENNLAW
Kristina.Blanco@kennardlaw.com

Website / Map
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

**Kristina M. Blanco**
Senior Case Manager

**Click for my contact details**

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws. CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this E-mail is legally privileged and confidential information which is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more [Click Here](#).

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 9, 2022


Certified Document Number:        100117145 Total Pages:  4


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/2/2022 9:14 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61374397
By: Bonnie Lugo
Filed: 2/2/2022 9:14 AM

## CAUSE NO. 2021-72045

| | | |
|---|---|---|
| **LAJAMEIKA MIMS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **PRIME NOW LLC,**[1] | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

## <u>DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION</u>

Defendant Prime Now LLC ("Defendant") files this Original Answer to Plaintiff Lajameika Mims's First Amended Petition ("Plaintiff's Petition").

## I.
## <u>GENERAL DENIAL</u>

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies generally every allegation contained in Plaintiff's Petition and demands strict proof of same by a preponderance of the credible evidence or clear and convincing evidence as required by the Constitution and the laws of the State of Texas. Defendant respectfully requests that it be allowed to plead further and additional defenses in this case after the facts surrounding this matter are developed.

## II.
## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Without waiving the foregoing general denial, and pleading in the alternative where necessary, Defendant pleads the following affirmative and other defenses:

---

[1] On January 28, 2022, Plaintiff amended her original petition, at Defendant's request, to replace defendant Amazon.com Services LLC with Prime Now LLC because Prime Now LLC employed the Plaintiff. To avoid confusion, Defendant's counsel has changed the caption of the case to match the only named defendant.

Certified Document Number: 100166782 - Page 1 of 7

## FIRST DEFENSE

Defendant pleads that Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD DEFENSE

Defendant alternatively pleads that to the extent Plaintiff's claims and allegations of discrimination and retaliation exceed the reasonable scope and investigation of the Charge that Plaintiff filed with the Equal Employment Opportunity Commission and/or the Texas Workforce Commission, such claims and allegations are barred.

## FOURTH DEFENSE

Defendant alternatively pleads that Plaintiff is an at-will employee, as that term is defined under the common law of Texas, and that Defendant or Plaintiff can terminate the employment relationship at any time for any reason not specifically prohibited by state or federal law and with or without cause.

## FIFTH DEFENSE

Defendant alternatively pleads that the employment actions about which Plaintiff complains, if any, were taken for reasons other than Plaintiff's disability, Plaintiff's alleged complaint, or any other alleged protected status held by Plaintiff. Specifically, the employment actions complained of by Plaintiff were based upon legitimate, non-retaliatory, and non-discriminatory business reasons.

Certified Document Number: 100166782 - Page 2 of 7

## SIXTH DEFENSE

Defendant alternatively pleads, without waiver of Plaintiff's burden to prove that the adverse employment action was motivated by an impermissible factor, assuming *arguendo* that an impermissible factor was a motivating factor for any employment practice, that Defendant would have taken the same action regardless of any protected status of Plaintiff.

## SEVENTH DEFENSE

Defendant alternatively pleads that Plaintiff has failed to mitigate her alleged damages, in whole or in part, and Defendant is entitled to an offset of the extent of any amounts Plaintiff earned, or should have earned.

## EIGHTH DEFENSE

Defendant alternatively pleads Defendant exercised reasonable care to prevent and promptly correct any alleged discrimination or retaliation from occurring, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities or otherwise failed to avoid the alleged harm.

## NINTH DEFENSE

Defendant alternatively pleads that Plaintiff has failed to allege facts sufficient to state a claim for punitive damages.

## TENTH DEFENSE

Defendant alternatively pleads that Plaintiff cannot recover punitive damages for any alleged discrimination because any such alleged discrimination would be contrary to Defendant's good faith efforts to comply with laws governing such conduct. At all times, Defendant and its employees and agents acted without malice or reckless indifference to Plaintiff's rights.

Certified Document Number: 100166782 - Page 3 of 7

### ELEVENTH DEFENSE

Defendant alternatively pleads that Plaintiff's claims for punitive damages are barred because she cannot prove by clear and convincing evidence that Defendant acted with actual malice.

### TWELFTH DEFENSE

Defendant alternatively pleads that Plaintiff's claims for economic, compensatory, and punitive damages and other relief are subject to all applicable statutory caps and limitations.

### THIRTEENTH DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred, or her recovery should be offset, by the after-acquired evidence doctrine, if applicable.

### FOURTEENTH DEFENSE

Defendant alternatively pleads that to the extent that any of the unlawful conduct alleged in Plaintiff's Petition actually occurred, such actions were taken by individuals acting outside the scope of their employment, were contrary to policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

### FIFTEENTH DEFENSE

Plaintiff did not have and does not have a physical or mental impairment, a record of a physical or mental impairment, nor was she regarded as having a physical or mental impairment which substantially limited a major life activity during the time in which the events complained of in this lawsuit occurred.

### SIXTEENTH DEFENSE

Even if Plaintiff did have a disability, Plaintiff was not otherwise qualified to perform the essential functions of her employment.

### SEVENTEENTH DEFENSE

Plaintiff refused to engage in the interactive process to seek a reasonable accommodation for the alleged limitations caused by her alleged disability.

### EIGHTEENTH DEFENSE

The accommodations requested by Plaintiff, if any, to accommodate her alleged disability were not "reasonable" and/or posed an "undue hardship" to Defendant, as those concepts are defined under applicable law.

### NINETEENTH DEFENSE

Plaintiff's alleged losses and damages, if any, are the result of, and directly relate to, her own conduct, actions and/or failure to act, and not Defendant's conduct, actions, or failure to act.

### TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

\* \* \*

Defendant reserves the right to file and serve additional defenses as appropriate.

Dated: February 2, 2022                     Respectfully submitted,

                                            /s/ Nehal S. Anand
                                            Nehal S. Anand (Attorney-in-Charge)
                                            State Bar No. 24070600
                                            nanand@littler.com
                                            Emily Dombrowski
                                            State Bar No. 24117460
                                            edombrowski@littler.com
                                            LITTLER MENDELSON
                                            A PROFESSIONAL CORPORATION
                                            1301 McKinney Street, Suite 1900
                                            Houston, TX  77010
                                            713.951.9400 (Telephone)
                                            713.951.9212 (Telecopier)

                                            ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2022, a true and correct copy of the above and foregoing instrument was served on counsel for Plaintiff via electronic notice and/or email, and certified mail, return receipt requested, as follows:

Alfonso Kennard, Jr.
KENNARD LAW PC
5120 Woodway Drive, Suite 10010
Houston, Texas  77056
Phone: 713.742.0900
Fax: 832.558.9412

**CM/RRR: 9314 7699 0430 0091 4076 93**

                                            /s/ Nehal S. Anand
                                            Nehal S. Anand

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marlo Guillory on behalf of Nehal Anand
Bar No. 24070600
MGuillory@littler.com
Envelope ID: 61374397
Status as of 2/2/2022 9:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Alfonso Kennard | | filings@kennardlaw.com | 2/2/2022 9:14:25 AM | SENT |
| Kristina Blanco | | kristina.blanco@kennardlaw.com | 2/2/2022 9:14:25 AM | SENT |
| Lisa Morgan | | lmorgan@littler.com | 2/2/2022 9:14:25 AM | SENT |
| Marlo Guillory | | mguillory@littler.com | 2/2/2022 9:14:25 AM | SENT |
| Emily Dombrowski | | EDombrowski@littler.com | 2/2/2022 9:14:25 AM | SENT |
| Nehal SAnand | | nanand@littler.com | 2/2/2022 9:14:25 AM | SENT |

Certified Document Number: 100166782 - Page 7 of 7



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 9, 2022

Certified Document Number:        100166782 Total Pages:   7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**